# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50275 | **DATE** | 5/21/2003 |
| **CASE TITLE** | Hess vs. Reg-Ellen, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Report and Recommendation, it is the Report and Recommendation of the Magistrate Judge that Defendants' counsel be sanctioned $2772.00, the cost associated with Plaintiff's counsel having to oppose Defendants' addition of two previously undisclosed witnesses.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | MAY 22 2003 | 66 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 5/21/2003 date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN HESS, | ) | |
| | ) | |
| Plaintiff, | ) | Case Nos. 00 C 50275 |
| v. | ) | |
| | ) | Philip G. Reinhard |
| | ) | P. Michael Mahoney |
| REG-ELLEN MACHINE TOOL CORP., and | ) | |
| REG-ELLEN MACHINE TOOL CORP. | ) | |
| EMPLOYEE STOCK OWNERSHIP PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## Report and Recommendation

John Hess ("Plaintiff") filed a lawsuit against Reg-Ellen Machine Tool Corporation ("Reg-Ellen") and Reg-Ellen Machine Tool Corporation's Employee Stock Ownership Plan ("Reg-Ellen ESOP Plan")(collectively "Defendants"), with jurisdiction based on ERISA, 29 U.S.C. §1132. Plaintiff's three count complaint seeks, *inter alia*, recovery of benefits due under terms of the Reg-Ellen ESOP Plan.

On September 12, 2001, this court held an Initial Pretrial Conference. At that conference, the Magistrate Judge ordered the disclosure of all 26(a)(1) material by October 3, 2001, a fact discovery cutoff date of April 30, 2002, and a dispositive motions due date of May 31, 2002. Plaintiff submitted his Rule 26(a)(1) disclosures on October 3, 2001 containing nine names, while Defendant served his Rule 26(a)(1) disclosures, date unknown, containing only one name. On September 16, 2002, almost one year after disclosing 26(a)(1) material, Plaintiff filed his motion for summary judgment. In response to Plaintiff's motion for summary judgment, on

January 27, 2003,[1] Defendants included the affidavits of Timothy Turner ("Mr. Turner") and Lorraine Morris ("Ms. Morris"), two previously undisclosed witnesses. Plaintiff filed a Motion to Exclude Evidence or in the Alternative Motion to Strike Affidavits ("Plaintiff's Motion to Strike") on March 10, 2003. Defendants, probably sensing a problem, filed, on March 19, 2003, Defendants' Response to Plaintiff's Motion to Strike ("Defendants' Response") (incorrectly labeled a Reply) to Plaintiff's Motion to Strike and, additionally sought leave from the court to disclose Mr. Turner and Ms. Morris, almost one year after the fact discovery cutoff date. (Def.'s Resp. at 9)("WHEREFORE, ... Defendant be granted leave to disclose Timothy Turner and Lorraine Morris ... .")

On March 25, 2003, Judge Reinhard, after having to read all the briefs submitted by Plaintiff and Defendant in relation to Plaintiff's motion for summary judgment and all the briefs submitted by Plaintiff and Defendant in relation to Plaintiff's Motion to Strike, denied Plaintiff's Motion for Summary Judgment without prejudice, returned the case to the Magistrate Judge for necessary discovery and requested the Magistrate Judge write a Report and Recommendation addressing whether sanctions, including attorney's fees, should be imposed against Defendants and/or their counsel for the discovery violation of not disclosing the previously-named witnesses and, if so, the nature and amount of those sanctions. After having an in court hearing regarding the issue of whether sanctions should be imposed against Defendants and/or their counsel for discovery violations, the court gave each side an opportunity to argue their side in writing. On

---

[1] Defendants' counsel was granted two extensions to file a response to Plaintiff's summary judgment motion. Additionally, Defendants' counsel sought to depose an additional witness after Plaintiff's motion was filed. That request was denied by this court. Thus, it appears Defendants' counsel had at least four months to cure any defects in discovery and supplement any 26(a)(1) disclosures.

April 30, 2003, Defendants' counsel submitted his Brief in Response to Sanctions Claim of Failure to Disclose Witnesses ("Defendants' Brief in Response") and on May 7, 2003, Plaintiff's counsel submitted his Reply Brief On Sanctions ("Plaintiff's Reply Brief"). For the reasons stated below, it is the Report and Recommendation of the Magistrate Judge that Defendants' counsel be ordered to pay Plaintiff's counsel two thousand seven hundred seventy two dollars ($2772.00).

## **Background**

Plaintiff, in his amended complaint, alleges that around June 5, 1998, he requested that he be allowed to diversify his assets in the Reg-Ellen ESOP for the contributions to the Plan prior to 12-1-94 pursuant to the plan amendment and to transfer value of his pre-12-1-94 ESOP assets to other investments. (Am. Compl. at ¶ 5). Allegedly, around November 3, 1995, Reg-Ellen amended the Reg-Ellen ESOP to provide, among other things, the following:

> Section 4.12(j) "... Although Participants shall continue to have the right to direct the investment of the Participant's account as to contributions made on or before November 30, 1994, Participants shall have no rights pursuant to Section 4.12. to direct the investment of the Participant's account made on or after December 1, 1994.

(*Id.* at ¶ 6). Between July 1998 and November 1998, Reg-Ellen allegedly denied Plaintiff's request to move his pre 12-1-94 stock out Reg-Ellen's company stock and into other investment accounts. (*Id.* at ¶9). Plaintiff alleges that as a result of this denial, Plaintiff suffered financial losses in excess of $111,000.00. (*Id.* at ¶14).

Plaintiff's 26(a)(1) disclosures included nine individuals that Plaintiff believed were likely to have discoverable information relevant to the disputed facts. Of those nine, one

3

individual, David Lewellen ("Mr. Lewellen"), is of particular importance. Plaintiff's 26(a)(1) disclosure included Mr. Lewellen (the fourth person in the list of nine) with the following statement regarding why Mr. Lewellen was disclosed by Plaintiff:

> Mr. Lewellen was the President of Reg-Ellen, principal Plan sponsor and *Plan Adminstrator* from 1987 to 1998. He has *knowledge of the intent of the 1994 Amendment and the Plan Sponsor's purpose in adding the new provision in section 4.12(i) to the Plan to allow participant to direct their pre- 12-1-94 accts. investment in either the Co. stock or the Trustee's Investment Fund after 12-1-94*, and the promises made to the Participants about their rights under their Amendment.

Pl.'s Rule 26(a)(1)(A) Disclosures at 2 (emphasis added). Defendants' Rule 26 disclosures, on the other hand, included only one individual, Paul Lindvall, who Defendants claimed "would be the witness who would be called to testify as to the actions taken by the trustee and what actions the trustee has taken with respect to times material to this case." (Defs.' Initial Rule 26 Disclosure at 1). Nowhere within Defendants' Initial Rule 26 Disclosure are the names Mr. Turner or Ms. Morris mentioned.

According to Plaintiff, Mr. Lewellen was the president, board of directors member, and principal shareholder from 1978 to December 31, 1997 and was primarily responsible for the establishment of the 401(k) pension plan and ESOP which became effective December 1, 1987, and was amended in 1989 and again in 1994. (LR. 56.1 (a) ¶ 3). Plaintiff included the affidavit of Mr Lewellen with his Motion for Summary Judgment. In his affidavit, Mr. Lewellen stated:

> As Plan Administrator for the ESOP, I retained a pension consultant, n.k.a. McGladrey & Pullen, of Rockford, IL. to advise me on the appropriate amendment language. It was the intent of the Board of Directors in amending the ESOP, that we did not wish to affect or diminish the participant's rights to direct the investment of their accounts as to any contributions made on or

4

> before November 30, 1994, the day before the effective date of the Amendment. I was advised by McGladrey & Pullen and they insisted that specific language should be added as an amendment to Section 4 of the ESOP to assure that the Participants shall continue to have the right to direct the investment of the Participant's account as to contributions made on or before November 30, 1994, but no right to direct investment of the contributions made after December 1, 1994. I understood and interpreted the 1994 ESOP Amendment to mean that each Participant could continue to direct the investment of their Account as to any contributions made either by them or on their behalf, prior to December 1, 1994, notwithstanding any provision of Section 4.12. to the contrary, as was expressly stated in the 1994 Amendment.

(Lewellen Aff. at ¶4).

Defendants, in response to Plaintiff's 56.1 statement and Mr. Lewellen's affidavit, submitted their Response to Plaintiff's Statement of Material Facts, in which they stated:

> Defendants deny Paragraph 4 of Plaintiff's Statement of Material Facts insofar as it states that David Lewellen was the ESOP Plan Administrator's designee from 1987 through December 31, 1997. David Lewellen's Affidavit clearly states that he was the ESOP Plan Administrator for the ESOP from 1987 through December 31, 1997. David Lewellen, however, was not the Plan Administrator, Reg-Ellen was the Administrator. (Timothy Turner Affidavit Paragraph 30, and Lorraine Morris Affidavit Paragraph 31, ...).

(LR 56.1 (b) at ¶4). Additionally, in submitting additional facts within their 56.1 (b) statement, Defendants stated:

> 2. The board of directors of Reg-Ellen Machine Tool Corp. has never expressed an intent to allow, nor has it ever allowed any ESOP participant to liquidate money from Reg-Ellen Machine Tool Corp. into any other investment, until the participant has met the diversification requirements contained in Section 4.12(g), age 55 and 10 years of service. (Timothy Turner Affidavit Paragraph 17, and Lorraine Morris Affidavit Paragraph 18.).
> 3. The 1995 plan amendment was adopted in order to eliminate 401(k) elective deferral by participants (the ability of participants to have their own money withheld from their

5

paychecks and contributed to the plan). From that point forward, the only contributions to the plan have been made by Reg-Ellen Machine Tool Corp. Previously, participants had the opportunity to decide whether to have their elective deferrals invested in Reg-Ellen Machine Tool Corp. stock or among three other investment options, which consisted of three diversified funds. (Timothy Turner Affidavit Paragraph 18, and Lorraine Morris Affidavit Paragraph 19.)

(LR. 56.1 (b) at ¶¶ 3-4).

Defendants argue that, applying the factors[2] established by the Seventh Circuit for determining whether a discovery violation was justified or harmless so as to avoid sanctions, Defendants' counsel should not be assessed sanctions for his discovery violation. Specifically, Defendants' counsel argues that none of the four factors established by the Seventh Circuit have been satisfied in the instant case and that the affidavits at issue "became necessary because the Plaintiff submitted an affidavit that contradicted who was the plan administrator and what had been the interpretation and administration of the plan." (Defs.' Br. in Resp. at 2-3). Additionally, Defendants' counsel argues that the necessity to file the affidavits in question only arose out of Plaintiff's submission of an affidavit from Mr. Lewellen and thus case law recognizes rebuttal witnesses as being an exception to what is normally required to be disclosed because rebuttal witnesses are often not known until the other side has presented the case. (*Id.*)(citing *Matthews v. Commonwealth Edison Co.*, No 93 C 4140, 1995 WL 478829, at *3 (N.D. Ill. March 24, 1995)).

---

[2] The Seventh Circuit has indicated the following factors should guide the district court's discretion in assessing sanctions: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or wilfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)(citing *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995)).

Plaintiff, on the other hand, argues that the *David* factors do not apply because the district court "has already exercised its discretion in deciding not to grant Plaintiff's request to exclude the evidence." (Pl.'s Reply Br. at 2). Additionally, Plaintiff argues that even if the four factors apply, Plaintiff's counsel is still entitled to fees associated with bringing the summary judgment motion because Plaintiff has been prejudiced because now Plaintiff will have to go to the expense of deposing additional witnesses who may be able to raise genuine issues of fact making Summary Judgment inappropriate, when before, without these additional witnesses, Plaintiff was possibly entitled to judgment. (*Id.* at 1).

## Discussion

Federal Rules of Civil Procedure 26 requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses ..., identifying the subjects of the information." Fed. R. Civ. P. 26(a)(1)(A). Additionally, Rule 26 requires a party to supplement discovery responses at any time throughout the litigation if it learns that the information disclosed or the response is "incomplete or incorrect and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). To ensure compliance with the discovery rules, Rule 37 provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) ... is not, unless such failure is harmless, permitted to use as evidence at trial ... any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). However, as is well within his discretion under the Federal Rules of Civil Procedure,

Judge Reinhard did not exclude the affidavits of Mr. Turner or Ms. Morris under Rule 37; but rather, Judge Reinhard reopened discovery and allowed Plaintiff's counsel to depose Mr. Turner and Ms. Morris.

Judge Reinhard's order, however, did not end with the reopening of discovery. Rather, Judge Reinhard's order also asked this court to determine whether sanctions, including attorney's fees, should be imposed against Defendant and/or its counsel. It is clear that a federal court has the inherent power to sanction for conduct which abuses the judicial process. It is clear that a federal court has the inherent power to sanction for conduct which abuses the judicial process. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-44 (1991). This power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). It is here that defense counsel's failure to supplement its discovery and include the affidavits of two previously undisclosed witnesses is sanctionable.

Not only has Plaintiff been prejudiced (if Plaintiff had known of the two undisclosed witness affidavits he may never have filed the motion for summary judgment, he may have filed it differently and certainly would not have had to file the Motion to Strike) but the district court has been prejudiced as well. Specifically, the district court had to read all the briefs submitted by both sides in regards to the summary judgment motion and then it also had to sift through all the briefs from both sides regarding the Plaintiff's Motion to Strike. Additionally, because Judge Reinhard generously reopened discovery instead of striking the affidavits, the district court may well have to handle another summary judgment motion. This case will now, for all intents and purposes, start over in this the thirty-third month of litigation. Barring any future discovery

problems or other issues that may derail the case further, there is little doubt that this case will have no problem surpassing the three year mark. This delay was unnecessary and keeps the Plaintiff from his right to an adjudication (justice delayed is justice denied).

Additionally, in fear of establishing any precedent for future cases, the district court must enforce the Federal Rules of Civil Procedure. In order for the Federal Rules of Civil Procedure to have any type of authority, this court must demand that the rules are substantively followed. Defendants, even after submitting affidavits of two previously undisclosed individuals, never amended their 26(a)(1) disclosures to include those individuals. Rather, Defendant's counsel, seemingly playing by his own rules, decided to circumvent the Federal Rules of Civil Procedure and include two affidavits of two individuals not known to the Plaintiff or known to the court. This action is even more egregious considering that Plaintiff disclosed the name of Mr. Lewellen one year prior to filing his summary judgment motion and Defendants' counsel asked for two extensions (equaling four months) to respond to Plaintiff's summary judgment motion. For at least sixteen months, defense counsel knew, based on Plaintiff's 26(a)(1) disclosures, what Mr. Lewellen was going to say.

This court acknowledges defense counsel's argument that the affidavits of Mr. Turner and Ms. Morris are rebuttal witnesses and thus could be an exception to what is normally required to be disclosed because rebuttal witnesses are often not known until the other side has presented its case. *See Matthews*, 1995 WL 478820, at * 3. However, defense counsel's argument is misplaced. How counsel can assert that he was unaware that Mr. Lewellen was going to offer testimony regarding his position as Plan Administrator of the ESOP and his interpretation of the plan's amendment is beyond the Magistrate Judge. The court can only cite directly to Plaintiff's

9

disclosure and wonder how counsel can make such an assertion:

> Mr. Lewellen was the President of Reg-Ellen, principal Plan sponsor and *Plan Adminstrator* from 1987 to 1998. He has *knowledge of the intent of the 1994 Amendment and the Plan Sponsor's purpose in adding the new provision in section 4.12(i) to the Plan to allow participant to direct their pre- 12-1-94 accts. investment in either the Co. stock or the Trustee's Investment Fund after 12-1-94*, and the promises made to the Participants about their rights under their Amendment.

Pl.'s Rule 26(a)(1)(A) Disclosures at 2 (emphasis added). If defense counsel's argument is accepted, all defense witnesses become rebuttal witnesses and there would never be any 26(a)(1) by defendants.

Thus, in order to "achieve the orderly and expeditious disposition of cases[,]" *Link*, 370 U.S. at 630-31, this court has no choice but to assess monetary sanctions against Defendants' counsel only.[3] Plaintiff's counsel has asserted, through his signature, that he worked 15.4 hours in opposing the addition of the two previously undisclosed witnesses and in drafting his Motion to Strike Affidavits and Exclude Evidence. The 15.4 hours submitted by Plaintiff does not include time spent in bringing his summary judgment motion. Plaintiff's counsel has also asserted that he is normally paid $180.00/hr. by fee paying clients. The courts finds that Plaintiff's counsel expended a reasonable 15.4 hours related to Defendants non-disclosure and that a reasonable rate is $180.00/hr. This brings a total dollar amount of $2772.00.

---

[3] Judge Reinhard's order asked this court to determine whether sanctions, including attorney's fees, should be imposed against Defendant and/or its counsel for discovery violations. It is apparent that Defendant's counsel is the only culpable party and not the actual Defendant. This court does not expect non-attorneys to know the Federal Rules of Civil Procedure and Rule 26's demand for continuing disclosure. The same cannot be said for attorney's who practice before this court.

10

## Conclusion

For the reasons stated above, it is the Report and Recommendation that Defendants' counsel be sanctioned $2772.00, the cost associated with Plaintiff's counsel having to oppose Defendants' addition of two previously undisclosed witnesses. The parties are given ten days from service of this Order, as calculated under Rule 6, to appeal to Judge Philip G. Reinhard, pursuant to Rule 72 of the Federal Rules of Civil Procedure.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/21/03